UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006
Decided July 24, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3788

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | |
| | No. 1:04-CR-10061 |
| RALPH BROOKS, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Ralph Brooks entered a blind guilty plea to a single count of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 155 months' imprisonment and three years' supervised release. He was also ordered to pay restitution of $4,720.00 and a special assessment of $100.00. Brooks filed a notice of appeal, but his appointed lawyer has filed a motion to withdraw and a supporting brief representing that he cannot discern a non-frivolous issue to argue on appeal. *See Anders v. California*, 386 U.S. 738 (1967). In particular, counsel states that the district court "made no error" at sentencing with respect to factfinding or the application of the advisory sentencing guidelines. Brooks has filed a response. *See* Cir. R. 51(b). Although counsel's assessment of the sentencing

proceeding is not wholly accurate, he is correct that an appeal would be frivolous, and we will therefore grant the motion to withdraw.

In calculating Brooks's imprisonment range, the district court began with a base offense level of 20, *see* U.S.S.G. § 2B3.1(a), and added two offense levels for taking property from a "financial institution," *see id.* § 2B3.1(b)(1), and another level because the amount stolen exceeded $10,000, *see id.* § 2B3.1(b)(7). Over Brooks's objection, the district court then added two levels because Brooks's cohort, Marvin Landfair, threatened to kill anyone who moved during the robbery, *see id.* § 2B3.1(b)(2)(F), and two more for obstruction of justice and perjury, *see id.* § 3C1.1 & cmt. n. 4(b), because Brooks had lied to investigators and the court about Landfair's participation in the crime. Finally, the district court granted Brooks a three-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1. The court's calculations resulted in a total offense level of 24. However, the court went on to find that Brooks is a career offender under U.S.S.G. § 4B1.1. His original base offense level was therefore supplanted; it instead became 32. After the adjustment for acceptance of responsibility, the total offense level of 29 and the required criminal history category of VI yielded a guidelines imprisonment range of 151 to 188 months.

Brooks had objected to a number of the Chapter Two adjustments for specific offense characteristics that were recommended in the presentence investigation report. He renews those objections in his Rule 51(b) submission. An appeal based upon the application of any of these adjustments would be frivolous, however, because the district court's conclusion that Brooks is a career offender rendered the Chapter Two adjustments irrelevant. Section 4B1.1 prescribed his offense level without regard for any specific offense characteristics. Nevertheless, counsel passed over the district court's calculations too casually. We have identified an error that would have justified denying counsel's motion were it not for the operation of the career-offender guideline, and we find it worthwhile to explain.

Brooks objected to the probation officer's recommendation that he receive a two-level increase because the bank robbery involved an express threat of death. *See* U.S.S.G. § 2B3.1(b)(2)(F). He opposed the adjustment because he insisted that he never knew Mayfair threatened anyone, but at the sentencing hearing the district court stated that the adjustment nonetheless applied because "the fact that the defendant didn't hear a threat that was made is no excuse." And in its written resolution of Brooks's objections, the court elaborated, correctly, that Brooks was responsible for Landfair's death threat if it was a reasonably foreseeable act committed in furtherance of their jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B). But rather than evaluate whether Brooks reasonably could have anticipated Mayfair's threat, the district reasoned simply that a death threat "falls into the category of reasonably foreseeable conduct" during a bank robbery.

In a similar case, we held that a sentencing court committed clear error in failing to identify facts from the *particular* case to support its decision that a codefendant's use of a gun during a bank robbery was reasonably foreseeable to the driver of the getaway car. *See United States v. Atwater*, 272 F.3d 511, 512 (7th Cir. 2001). We faulted the district court for considering it "a given" that a gun would be used instead of applying a more discriminating analysis to the particular facts of the case. *Id.* at 512-13. Although the nature of the offense is relevant, we could not uphold application of the adjustment in *Atwater* because the court lacked evidence concerning "how frequently guns are used in bank robberies" and "greatly exaggerated that frequency and having done so neglected the particulars of the case." *See id.* at 513-14. Likewise in Brooks's case the district court relied solely on the nature of bank robberies in general to conclude that a death threat was reasonably foreseeable. Therefore, Brooks could have argued that the district court erred in its application of § 2B3.1(b)(2)(F).

As we have noted already, however, the argument would have been unavailing in this case because none of the Chapter Two adjustments had any bearing on Brooks's sentence because he is a career offender. Counsel has identified no potential argument with respect to that determination, pointing out that Brooks did not contest any of the predicate offenses in the district court. Brooks proposes arguing that § 4B.1.1 was erroneously applied because the facts underlying his prior convictions were not presented to a jury, but we have repeatedly rejected this contention. *See United States v. Washington*, 417 F.3d 780, 788 (7th Cir. 2005); *United States v. Blake*, 415 F.3d 625, 629 (7th Cir. 2005). The sentence is therefore presumed reasonable because it falls within a properly calculated range, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and neither counsel nor Brooks raises any plausible basis on which the presumption might be rebutted.

Finally, Brooks seeks to raise a claim that his trial counsel was ineffective, but such claims are best raised in motions under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.